```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HECTOR REYES, DIDIER JOSUE Y0C GARCIA,
and NIXON VELIZ MORALES, on behalf of
themselves and all others similarly situated, and
WALTER VELIZ GARRIDO, individually,
                                Plaintiff(s),           **REPORT AND
                                                        RECOMMENDATION**
             -against-                                  CV10-2378 (LDW) (WDW)

TED McCARTHY CONSTRUCTION DESIGN &
MAINTENANCE, INC., McCARTHY BETZ
MAINTENANCE CORP., THEODORE McCARTHY,
an individual, and WILLIAM BETZ, an individual,
                                Defendant(s).
-----------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Wexler is the plaintiffs' motion for conditional certification in a collective action pursuant to 29 U.S.C. §216(b). DE[26]. The defendants have filed an "Attorney's Affirmation in Partial Opposition," with an affidavit from one of the defendants." DE[24]. For the reasons set forth herein, I recommend: (1) that conditional certification be granted; (2) that the defendants be ordered to disclose the names and contact information for all potenttial opt-in plaintiffs; and (3) that the proposed opt-in notice be authorized.

## BACKGROUND

On May 26, 2010, the plaintiffs commenced this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, and the New York State Labor Law, alleging that they and similarly situated co-workers were denied compensation for the overtime hours they worked for the defendants. On the current motion, they seek: (1) conditional permission to proceed as a collective action pursuant to 29 U.S.C. §216(b); (2) an order compelling the defendants to furnish the names, last known addresses, and last known telephone numbers of

those individuals in the collective action; and (3) authorization to circulate a Notice of Pendency and Consent to Join Form to all similarly situated individuals.

In support of the motion, the plaintiffs and opt-in plaintiffs have submitted affidavits stating their belief that each of them is one of 40 or 50 laborers employed by the defendants within the last 3 years who were not properly compensated for overtime wages. The affidavits assert relevant details of the plaintiffs' employment history with the defendants and list the names of other potential co-workers. The plaintiffs have also submitted affidavits from former employees. The affiants report that they performed general lawn maintenance and construction work, were required to work more than 40 hours a week, and were not properly paid for overtime, in violation of FLSA and the New York law. See DE[26-1], Exs. 3-16.

## DISCUSSION

FLSA, *inter alia,* provides a private right of action to "recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions." *Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (citing 29 U.S.C. §216(b)). An action pursuant to section 216(b) may be brought as a collective action, that is, by "one or more employees for and in behalf of himself or themselves and other employees similarly situated." Unlike a class action, a FLSA collective action requires that a plaintiff demonstrate that he is "similarly situated" to other employees, and that employees affirmatively opt-in by signing and filing a consent form, rather than opt out. *See Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005).

Courts in this Circuit typically follow a two step-certification process for FLSA collective actions. *See Sobczak v. AWL Indus., Inc.,* 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007); *Morales v. Plantworks,* 2006 WL 278154, *1 (S.D.N.Y. Feb. 2, 2006) (collecting cases). In the first step,

the court looks to the pleadings and affidavits to determine whether the potential class members are similarly situated, applying a lenient evidentiary standard. *See Cano v. Four M. Food Corp.*, 2009 WL 5710143, *3 (E.D.N.Y. Feb. 3, 2009). Neither FLSA nor its implementing regulations define the term "similarly situated," but courts in this Circuit have found that the plaintiff's burden is "minimal," requiring "'a modest factual showing sufficient to demonstrate that [she] and the potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Gayle v. Harry's Nurses Registry, Inc.*, 2009 WL 605790, *10 (E.D.N.Y. Mar. 9, 2009)(quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). "In other words, the court must be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate" in determining the merits of the case. *Richards v. Computer Sciences Corp.*, 2004 WL 2211691 (D. Conn. Sept. 28, 2004). I find here that the potential plaintiffs are similarly situated for conditional certification purposes, a finding that the defendants do not oppose.[1] *See* DE[24], Poli Aff., ¶6. The affidavits all set forth the claim that the plaintiffs and potential plaintiffs worked more than 40 hours a week for the defendants and were not paid overtime, in violation of FLSA and the New York Labor Law. I therefore recommend conditional certification.

If the court finds that the plaintiffs and putative class members are similarly situated, it conditionally certifies the class and permits notice to be sent to putative class members. Although FLSA does not expressly provide for notice, a court "has the discretionary power to

---

[1] Defendant William Betz denies many of the factual allegations in the plaintiffs' affidavits, but the unproven nature of the allegations is understood at this point in the litigation. The finding of conditional certification does not suggest that the plaintiffs have established their claims, only that they may send notice and have discovery. *See* DE[24], Betz. Aff.

authorize notification to 'similarly situated' potential plaintiffs and to direct a defendant employer to disclose the names and addresses of the relevant parties." *Vaicaitiene v. Partners in Care, Inc.,* 2005 WL 1593053 (S.D.N.Y. July 6, 2005) (citing *Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) (additional citations omitted)). Sending of notice to similarly situated individuals "comports with the broad remedial purpose of the Act, . . . as well as with the interest of the courts in avoiding multiplicity of suits." *Braunstein v. Eastern Photographic Labs, Inc.,* 600 F.2d 335, 336 (2d Cir. 1978).

Here, the plaintiffs seeks permission to send notice and to get discovery from the defendants as to names, addresses and telephone numbers of potential plaintiffs. The defendants do not oppose the plaintiffs' proposed opt-in notice, and I recommend that the notice of pendency (DE[26], Ex. 17) be approved and the plaintiffs authorized to send it. The defendants do, however, oppose the entry of a discovery order by the court, as premature and redundant, the plaintiffs having already served "comprehensive document discovery requests and interrogatories. DE[24], Poli Aff., ¶7. I disagree that the discovery is premature. The plaintiffs need the contact information in order to send the notices in a timely manner. If the request overlaps with an outstanding discovery request, the defendants will satisfy both burdens by producing it in response to the certification ruling. If District Judge Wexler adopts this Report and Recommendation and conditionally certifies the class, the court has broad discretion to order discovery, including the names and addresses of potential plaintiffs to facilitate the opt-in process. *See Sipas v. Sammy's Fishbox, Inc.,* 2006 WL 1084556, *2 (S.D.N.Y. Apr. 24, 2006). The plaintiffs here request that notification be provided to every person employed by the defendants for six years prior to the commencement of this action. That time frame is not opposed by the defendants, and I find it to be reasonable. I thus recommend that the defendants

be ordered to provide the plaintiffs with the names and available contact information of prospective class members, those people employed by the defendants within six years prior to the commencement of this action, and that the information be disclosed within three weeks of District Judge Wexler's acceptance of the recommendation of conditional certification.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 8, 2010

       /s/ William D. Wall
       WILLIAM D. WALL
       United States Magistrate Judge